ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/23/2025 5:10 AM
CHRISTOPHER A. PRINE
CLERK

# Court of Appeals Number: 15-24-00095-CV

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/23/2025 5:10:05 AM
CHRISTOPHER A. PRINE
Clerk

# Trial Court Case Number: D-1-GN-24-002025

| | |
|---|---|
| Edward Rudolph Turnbull, IV v. Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. | IN THE COURT OF APPEALS FIFTEENTH DISTRICT AT AUSTIN, TEXAS |

# SECOND AMICI CURIAE BRIEF

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ iii

INTEREST OF AMICUS CURIAE.................................................................. 4

AMICUS CURIAE CITIZEN'S STATEMENT…………………………… 5

SUMMARY OF ARGUMENT…………………………………..……… 5

ARGUMENT…………………………………………………………. 5

**I.** Appellant seeks impartial and with integrity investigation and disclosures and from the part of the incumbent Chief Disciplinary Counsel Seana Beckerman Willing and her staff employees as persons serving as Chief Disciplinary Counsel in the State Bar of Texas and scattered allotted in regional offices of the CDC of SBOT, but the constitutional question is: The incumbent Chief Disciplinary Counsel Seana Beckerman William is one legitimate office holder and allotted at the public office of the Office of the Chief Disciplinary Counsel of the State Bar of Texas in her individual and official capacity and that is allotted in one Statewide Public Corporation and also being one Statewide Administrative Agency of the Judicial Branch Entity of the State Government of the State of Texas as Quasi State Entity, as well as, her staff employees and serving as Chief Disciplinary Counsel in the State Bar of Texas and under the compliance of the Texas Constitution, Article 1, Section XVI for legitimate office holders allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas and with (Statement Officer (Anti-Bribery Statement) form and Sworn Oath of Office Affidavit form signed, notarized publicly and administered by one legitimate officer of the Board of Officers and Directors of the State Bar of Texas to testify the sworn public ceremony of the new office holders allotted in the SBOT..................... 5

CONCLUSION………………………………………………………… 12

CERTIFICATE OF SERVICE………………………………………….. 13

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Edward Rudolph Turnbull, IV v. Commission for Lawyer Discipline, Daniela Grosz, Daniel Martinez, Seana Willing, John S. Brannon, Amanda Kates, Jenny Hodgkins, and the Board of Directors of the State Bar of Texas, Cindy V. Tisdale, Steve Benesh, Laura Gibson, Kennon Lily Wooten, et al. Civil Case: 15-24-00095-CV –COA 15th District at Austin……………………………………………………………….. *passim*

**Statutes**

Texas Citizens Participation Act ("TCPA")……………………………… 9

Texas Civil Practice & Remedies Code Section 66.001(1)(2)(3)(4)(5)…. 6

Texas Public Information Act ("PIA")……………………………… 9

**Texas Rules Appellate Procedure (TRAP)**

Texas Rules Appellate Procedure (TRAP) Rule 11 (c)………………….. 5

**State Constitution**

Texas Constitution, Article 1, Section XVI……………………………… 5, 7

**Other Authorities**

Statement Officer (Anti-Bribery Statement) Form 2201………………… *passim*

Sworn Oath Office Affidavit Form 2204……………………………… *passim*

iii

# INTEREST OF AMICUS CURIAE

This second Amicus Curiae brief is about the constitutional status of the current office holders allotted in one statewide public corporation and also being one statewide administrative agency and lodged in the judicial branch entity of the State Government of the State of Texas as Quasi State Entity.

Amicus respectfully brings one constitutional matter and of which has been systematically ignored in Texas and from State Government Employees as Texas Public Employees, Public Officers and Public Officials allotted in any Texas Public Offices as Texas Public Servants as Office Holders and including in statewide public corporations like the State Bar of Texas and that is one Statewide Administrative Agency too.

In light of the fact that a litany of immunities and other doctrines close the courthouse doors (both in federal and state courts) on victims who would otherwise individually seek accountability for such misconduct in the form of compensatory damages or injunctive relief, at least this Article III Court could question about the current constitutionality status of the Office Holders and allotted at the Public Offices in the Administrative Structure of the Statewide Public Corporation and Statewide Administrative Agency of the State Bar of Texas.

# AMICUS CURIAE CITIZEN'S STATEMENT

In compliance with the Texas Rules Appellate Procedure (TRAP) Rule 11 (c); Amicus Curiae Citizen states that he did not receive any fee paid or to be paid for preparing the second amicus curiae brief.

# SUMMARY OF ARGUMENT

When the Chief Disciplinary Counsel ("CDC") and her staff of employees violate the constitution of Texas, Article 1, Section XVI, justice demands two things under the Petition for Quo Warranto:

**1)** Accountability for the offending officers, officials and employees under the Petition for Quo Warranto and filed by the Attorney General of Texas to remove of the public offices of the State Bar of Texas, illegitimate Office Holders, and

**2)** Vindication for the Citizens in Texas as Public Concern matter.

# ARGUMENT

**I. Appellant seeks impartial and with integrity investigation and disclosures and from the part of the incumbent Chief Disciplinary Counsel Seana Beckerman Willing and her staff employees as persons serving as Chief Disciplinary Counsel in the State Bar of Texas and scattered allotted in regional offices of the CDC of SBOT, but the constitutional question is: The incumbent Chief Disciplinary Counsel Seana Beckerman William is one legitimate office holder and allotted at the public office of the Office of the Chief Disciplinary Counsel of the State Bar of Texas in her individual and**

**official capacity and that is allotted in one Statewide Public Corporation and also being one Statewide Administrative Agency of the Judicial Branch Entity of the State Government of the State of Texas as Quasi State Entity, as well as, her staff employees and serving as Chief Disciplinary Counsel in the State Bar of Texas and under the compliance of the Texas Constitution, Article 1, Section XVI for legitimate office holders allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas and with (Statement Officer (Anti-Bribery Statement) form and Sworn Oath of Office Affidavit form signed, notarized publicly and administered by one legitimate officer of the Board of Officers and Directors of the State Bar of Texas to testify the sworn public ceremony of the new office holders allotted in the SBOT?**

Illegitimate office holders are liable for summary removal of the public offices and under the Texas Civil Practice & Remedies Code Section 66.001(1)(2)(3)(4)(5) as an action in the nature of quo warranto and including for illegitimate statewide public corporation employees and holding illegitimately as office holders in public offices of the statewide public corporation in the State of Texas.

The Attorney General of Texas should request to the current Chief Disciplinary Counsel Seana Beckerman William and her staff employees, copies of the filing forms for Statement Officer (Anti-Bribery Statement Forms) and Sworn Oath of Office Affidavit Forms filed before to take office as office holders allotted at the Offices of the Chief Disciplinary Counsel of the State Bar of Texas as Statewide Public Corporation and of which should be duly registered with the Texas Secretary of State in the Corporation Section and with their respective

Officers elected by the Members of the Attorneys Texas Trade Association and called State Bar of Texas as Statewide Public Corporation and Statewide Administrative Agency in the State of Texas.

The Citizens in Texas have been systematically denied grievance fairness, impartial and integrity redress and because the State Bar of Texas is one Quasi State Entity and having a flagrant conflict of interest between the inner circle of the cronies' cartel and from the secretive administrative quasi judicial adjudicatory proceedings dismissed for the so called no "*just cause*" and not complying with the statutory provisions required by the state statute "State Bar Act".

The constitutional question and of which the Appellant has not raised in his Appellant's Opening Brief is to know if the current Office Holders of the State Bar of Texas are holding constitutionally the public offices of the State Bar of Texas as legitimate Office Holders and in compliance with the Texas Constitution, Article 1, Section XVI and to hold legitimately public offices in Texas.

Amicus Curiae has requested amicably with the Texas Secretary of State in 2022, 2023, 2024 and in 2025, but the answer has been that the Texas Secretary of State does not have in the record of the State Department in Texas any such copies of the filing forms and required by the Texas Constitution and before one office holder to take a public office as a legitimate Office Holder in one Public Office with the State Bar of Texas.

Amicus Curiae has requested amicably with the Public Affairs Counsel Ms. Claire Reynolds and allotted at the Office of the Chief Disciplinary Counsel of the State Bar of Texas at Austin's Headquarters Office such Statement Officer (Anti Bribery Statement) Form and the Sworn Oath of Office Affidavit Form signed, notarized publicly and administered by one legitimate Officer of the Board of Officer and Directors of the State Bar of Texas and under the custodian of the Office of the Chief Disciplinary Counsel of the State Bar of Texas or with the Human Resources Department of the State Bar of Texas or with the Executive Director's Office of the State Bar of Texas or with the Office of Open Records for Public Information Act with the State Bar of Texas and the response from Ms. Reynolds has been that there is nothing in custodian in any Public Office of the Administrative Structure of the State Bar of Texas about the filing forms and required by the Texas Constitution.

It is important to mention that the title job as Chief Disciplinary Counsel ("CDC") of the State Bar of Texas is used for any persons that serve as Chief Disciplinary Counsel in the offices of the Chief Disciplinary Counsel in the State Bar of Texas Administrative Structure.

It means that the state government employees of the State Bar of Texas and allotted at the Offices of the Chief Disciplinary Counsel and that work and sign documents on behalf of the Chief Disciplinary Counsel ("CDC") in the scattered offices of the CDC of SBOT and being all classified as State Government

Employees or Public Officers or Public Officials as Texas Public Servants; they are obligated to comply with the constitutional requirement of the Texas Constitution and to occupy legitimately one public office as one legitimate Office Holder in the Statewide Public Corporation and also being one Statewide Administrative Agency in the judicial branch entity of the State Government of the State of Texas.

Amicus Curiae has requested via the Open Records Department of the State Bar of Texas via Public Information Act ("PIA") and also under the state statute Texas Citizens Participation Act ("TCPA") and to communicate with the government and in any kind of the communication and having sent email messages addressed to Mr. Chris Critter as Chief Legal Counsel of the Executive Committee of the Board of State Bar of Texas; who is one expert in the Public Information Act ("PIA") and from the Open Records Department of the State Bar of Texas and also having been requested the same request (again) to Ms. Claire Reynolds as Public Affairs Counsel of the Office of the Chief Disciplinary Counsel of the State Bar of Texas, but at the present time, the Open Records Department of the State Bar of Texas and responsible to release public information to Requester, but such request has been denied for such copies of the Statement Officer (Anti-Bribery Statement) Form and the Sworn Oath of Office Affidavit Form, as well as, other public information has been requested about the quorum of the voluntary public members of the Summary Disposition Panel ("SDP") of the Grievance Committee District

Number 7 of the State Bar of Texas and that is necessary to participate (06) six voluntary public members and to deliberate their votes about the CDC's recommendations for summary dismissals of the grievance complaints supposedly investigated and submitted in one summary disposition docket for review of the Summary Disposition Panel ("SDP") of the grievance committee district of the State Bar of Texas and for review if the grievance complaint assigned should be dismissed for "no just cause" or not dismissed and having been found by the Summary Disposition Panel ("SDP") "just cause" and to be forwarded to one Investigatory Administrative Panel of the grievance committee district of the State Bar of Texas and for further administrative quasi judicial adjudicatory proceeding. Such request has been done and because one Outsource Private Independent Forensic Auditor and paid by the Board of Officers and Directors of the State Bar of Texas has issued one annual report in the year of 2021 about the Chief Disciplinary Counsel Processes and having reported in his forensic audit report that there are certain Summary Disposition Panels ("SDPs") of the grievance committees of the State Bar of Texas that don't have enough public members and to form a quorum for grievance committee meetings and for Summary Disposition Panels ("SDPs") and having been labeled by the Attorney Gaines West and from College Station, Texas in one of his Responses to the Court that such Summary Disposition Panel ("SDP") is a sham process.

Amicus has verified in the annual audit services report of the year of 2021 that such assertion of the Attorney Gaines West is clearly corroborated with the outsource private independent forensic auditor's report and that notably the Board of Officers and Directors of the State Bar of Texas and from the Executive Committee of the Board has not discussed such disdain and no compliance with the Texas Disciplinary Rules Procedure and promulgated by the Supreme Court of Texas, and in relation the minimum quorum of the voluntary members of the grievance committee districts and from the Summary Disposition Panels ("SDPs") and that it is necessary to participate in the deliberative votes of the CDC's meetings about the summary disposition dockets submitted by CDC and to the Panel and for review of the grievance complaints assigned and supposedly investigated by one regional investigator assigned in one regional office of the CDC of SBOT.

Also, according with the Assistant Chief Disciplinary Counsel Luvenia Evett Sanchez and allotted at Dallas Regional Office of the CDC of SBOT, the Summary Disposition Panel ("SDP") of the grievance committee district number 7 of the State Bar of Texas has never denied at least one single CDC's recommendation for summary dismissal for "*no "just cause*" and submitted from one summary disposition docket to the Panel and since the date that the Chief Disciplinary Counsel Seana Beckerman Willing has entered as the new Chief Disciplinary Counsel of the State Bar of Texas in January 2019, and having been adopted the

internal policy *"weeded out"* for 90% of the grievance complaints submitted and being summarily dismissed.

# CONCLUSION

The Court should reverse and hold that Appellant is entitled to one impartial and integrity investigation and disclosure obligations that he seeks in one impartial and integrity investigation with transparency and that it is consistent in one democratic society and that it defends the liberty and the civil rights of the Citizens and make accountable unelected apparatchiks allotted in State Bar of Texas.

Dated: January 23, 2025

Respectfully submitted,

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
5029 County Road 605
Burleson, TX 76028-1177
Email address: abudri64@gmail.com

# CERTIFICATE OF SERVICE

I certify that I served all parties to this appeal through the Court's electronic filing system, including Appellant's and Appellee's counsel on the 23th day of January 2025.

*/s/Adriano Kruel Budri*
Adriano Kruel Budri
Amici Curiae Citizen
5029 County Road 605
Burleson, TX 76028-1177
Email address: abudri64@gmail.com

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 96502251
Filing Code Description: Other Brief
Filing Description: SECOND AMICI CURIAE BRIEF
Status as of 1/23/2025 7:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 1/23/2025 5:10:05 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 1/23/2025 5:10:05 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 1/23/2025 5:10:05 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 1/23/2025 5:10:05 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 1/23/2025 5:10:05 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 1/23/2025 5:10:05 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 1/23/2025 5:10:05 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 1/23/2025 5:10:05 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 1/23/2025 5:10:05 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 1/23/2025 5:10:05 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 1/23/2025 5:10:05 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 1/23/2025 5:10:05 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 1/23/2025 5:10:05 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 1/23/2025 5:10:05 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 1/23/2025 5:10:05 AM | SENT |